UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

    v.                                                                    **ORDER**
                                                                      10-CR-184S (3)

DAMIAN ARD,

                        Defendant.

      1.       Defendant Damian Ard is charged in seventeen counts of a multi-count, multi-defendant Third Superseding Indictment[1] with one count of conspiring to possess with intent to distribute, and to distribute, quantities of mixtures and substances containing cocaine, cocaine base, heroin, 3,4-methylenedioxymethamphetamine (MDMA), oxycodone, hydrocodone, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)–(E), and 846, and sixteen counts of using a telephone to facilitate felony drug offenses, in violation of 21 U.S.C. § 843(b).

      Upon the Government's motion for Defendant's pretrial detention, the Magistrate Judge conducted a detention hearing. (Text minute entry, Aug. 19, 2010.) Finding that Defendant presented a risk of flight and danger to the community, the Magistrate Judge ordered that Defendant be detained, with leave to propose amended conditions in support of pretrial release. (Audio Recording of Detention Hearing, Aug. 19, 2010.) Defendant subsequently filed a Motion for Release from Custody (Docket No. 109), in which he proposed a bail package as well as substance abuse treatment as a condition of release,

---

[1] The grand jury returned the Third Superseding Indictment on April 21, 2011, naming Defendant in the same number of counts as in the Indictment, filed June 24, 2010, the Superseding Indictment, filed July 29, 2010, and the Second Superseding Indictment, filed on January 20, 2011. As compared with the Second Superseding Indictment, the Third Superseding Indictment charges Defendant with a more specific, although not exact, period of relevant conduct and an enhanced weight of a controlled substance.

1

and the Magistrate Judge held a hearing on the motion on November 22, 2010. The Magistrate Judge reserved decision at the conclusion of the motion hearing and, on February 28, 2011, issued an Order denying Defendant's motion for reconsideration and ordering his continued detention. (Docket No. 163.)

Presently before this Court is Defendant's Appeal of the Magistrate Judge's Detention Order. (Docket No. 173.) For the reasons stated below, Defendant's appeal is denied and he shall remain detained pending trial.

2. Eighteen U.S.C. § 3145(b) provides the mechanism for review of a magistrate judge's detention order by a district judge. Review is *de novo*, but the district judge is permitted to use the factual and evidentiary record developed below when making an independent conclusion. See United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985).

3. Under the Bail Reform Act, 18 U.S.C. §§ 3141, et seq., pretrial detention is available only pursuant to § 3142(e). See 18 U.S.C. § 3142(a)(4); United States v. Dillard, 214 F.3d 88, 90–91 (2d Cir. 2000). That subsection expressly authorizes the pretrial detention of a defendant upon a judicial finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

4. Also applicable here, given the drug trafficking charge against Defendant in Count 1 of the Third Superseding Indictment, is the rebuttable presumption of both flight and dangerousness. See 18 U.S.C. § 3142(e)(3)(A). Under that provision, it is presumed, subject to rebuttal, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," if there is

probable cause to believe that the person committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq)." 18 U.S.C. § 3142(e)(3)(A). The indictment itself furnishes probable cause to believe that a defendant committed the offenses charged, triggering the statutory presumption of section 3142(e). See United States v. Contreras, 776 F.2d 51, 55 (2d Cir. 1985).

5. When the statutory presumption of detention exists, the defendant must present "some evidence contrary to the presumed fact" to rebut the presumption. United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991). The government retains the burden of persuading the court of the defendant's risk of flight by a preponderance of the evidence, see United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988), and of the defendant's dangerousness by clear and convincing evidence, see Rodriquez, 950 F.2d at 88; 18 U.S.C. § 3142(f). The remaining strength of the presumption is then weighed along with the factors set forth in 18 U.S.C. § 3142(g), which include (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including physical and mental condition, family and community ties, employment, financial resources, length of residence in the community, history of drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Rodriquez, 950 F.2d at 88; 18 U.S.C. § 3142(g).

6. To rebut the presumption that no condition or combination of conditions will

reasonably assure against his flight or dangerousness, Defendant argues that he has family ties to the Western New York area, no history of drug convictions, no prior felony convictions, no history of forfeiting bail despite the issuance of bench warrants for his previous nonappearances at court proceedings, and, further, that several of his family members have agreed to act as his sureties and his mother and step-father have offered their house as security.  Defendant also reasserts his willingness to enroll in a substance abuse treatment program prior to pretrial release.

7.   The Court will consider each factor of § 3142(g) in turn.  First, the nature and circumstances of the drug offenses charged are serious.  Congress has specified that courts considering detention of a defendant take into account the significance of a crime involving "a controlled substance."  18 U.S.C. § 3142(g)(1).  Here, Defendant is charged with participating in a large-scale drug trafficking conspiracy involving a wide range of controlled substances, including five kilograms or more of cocaine and twenty-eight grams or more of cocaine base,[2] as well as quantities of heroin, MDMA, oxycodone, hydrocodone, and marijuana.  Conviction of the drug conspiracy charge would subject Defendant to a mandatory minimum term of imprisonment and, further, the Government has noted that Defendant's prior convictions would subject him to enhanced criminal penalties if he is convicted in this case.  This Court finds that the serious nature of Defendant's alleged offenses as well as his potential for a lengthy period of incarceration provide a motive to flee and weigh against release.

---

[2] The recent Third Superseding Indictment of April 21, 2011, charges Defendant with conduct involving a greater quantity of cocaine base than in previous indictments considered by the Magistrate Judge.

Second, the evidence against Defendant appears strong. The Government proffered evidence of multiple controlled purchases of cocaine and cocaine base from Defendant by a cooperating individual and of numerous intercepted communications between Defendant and other co-defendants, demonstrating Defendant's direct involvement in the alleged drug distribution. Further, the Government proffered that its interception of both text and wire communications over two cellular telephones used by Defendant yielded evidence that Defendant distributed drugs to his own substantial client base and also directed customers to purchase drugs from co-defendants. (Audio Recording of Detention Hearing, Aug. 19, 2010.) This Court finds that the strength of the Government's evidence against Defendant weighs in favor of detention.

Third, Defendant's history and personal characteristics do not warrant pretrial release. Defendant asserts that his family lives in Western New York, including his wife and son, and that his mother and step-father have indicated their willingness to sign a bond for their house in Lockport, New York, to secure his release. Nonetheless, this Court finds that Defendant's ties and familial support in the Western New York area are outweighed by Defendant's history of nonappearance in court and convictions for resisting arrest.

Defendant reports occasional self-employment as a local roofer and has a lengthy history of drug and alcohol abuse. Notwithstanding his argument that he has no history of felony or drug convictions, Defendant has a significant criminal history involving multiple convictions for attempted resisting arrest, as well as disorderly conduct, driving while impaired, and attempted grand larceny.

Moreover, Defendant's criminal history includes several failures to comply with or appear for proceedings, which has necessitated the issuance of multiple bench warrants.

Defendant argues that the cases underlying those bench warrants involved only minor offenses and traffic violations and, further, that the absence of bail forfeiture indicates that Defendant's conduct was not viewed as particularly culpable. This Court disagrees with this view and finds that, in sum, Defendant's history reflects an unwillingness to reliably appear for required proceedings. Further, Defendant's criminal history includes one arrest while under probation supervision and two arrests while released on bail, demonstrating that Defendant is unable to comply with conditions of release.

Notably, Defendant presently faces an outstanding probation warrant in Florida, for which he chose not to appear. Although Defendant argues that he ignored this warrant based on his expectation that his supervision sentence in Florida could be transferred to New York, at the core of this argument is Defendant's acknowledgment that he affirmatively opted not to appear in Florida as required "because he would have been taken into custody." (Docket No 173, p.17.) In this Court's view, Defendant's record of repeatedly failing to appear when required, violating supervision, opting to ignore his Florida warrant to avoid custody, and facing arrests while on bail weighs heavily against pretrial release.

Fourth, the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release weighs in favor of detention. Defendant is charged with serious crimes including possessing a large quantity of drugs and participating in a conspiracy to distribute them. Indeed, Congress created the applicable presumption of detention based on its determination that the type of drug trafficking alleged in this indictment is a serious danger to the community. United States v. Portes, 786 F.2d 758, 765 (7th Cir. 1985) (noting that Congress felt that a significant consideration in

6

determining danger to the community "is the drug network's ability to continue to function while the defendant awaits trial," which poses a significant risk of pretrial recidivism). Here, the Government has proffered evidence that Defendant had been distributing drugs up until the time of his arrest and had engaged in levels of drug trafficking so substantial that he began shifting customers to some of his co-defendants. (Audio Recording of Detention Hearing, Aug. 19, 2010.) Defendant's risk of recidivism while on pretrial release would pose a significant danger to the community.

Further, while Defendant is not charged with possessing firearms in furtherance of the charged drug trafficking crimes, this Court notes the Government's proffered evidence of Defendant's alleged involvement with firearms, including the information from a confidential source that Defendant possessed a handgun at his residence at 268 Chapel Street in Lockport, New York, where he was allegedly distributing drugs, as well as the discovery of an AK-47 during the execution of a search warrant at Defendant's residence. Moreover, the Government proffered the transcript of an intercepted communication between Defendant and his mother on February 15, 2010, in which Defendant discusses a "machine gun" and "two forty round clips" of ammunition that he had stored in the bedroom of his step-brother, Ryan, at the residence of his mother and step-father. (Audio Recording of Detention Hearing, Aug. 19, 2010; see also Docket No. 191.)

In sum, upon consideration of whether Defendant poses a danger to the community, this Court finds by clear and convincing evidence that he does.

Finally, this Court notes that the Pretrial Services Report, amended March 3, 2011, reflects the recommendation that Defendant be detained.

Defendant argues that his future appearances and the safety of the community

could be reasonably assured by subjecting his sureties to a bail bond secured by the home that his mother and step-father own, but this Court disagrees. Defendant has listed his mother, step-father, wife, and younger siblings as co-signers of his bail bond, however, Defendant's mother and wife are both presently unemployed. Moreover, because a fair reading of the intercepted communication between Defendant and his mother on February 15, 2010, reflects that Defendant's step-father, Scott Tinkham, has limited knowledge of Defendant's conduct—including his alleged storage of a semi-automatic weapon and ammunition in his step-father's home—Defendant's step-father is not in the best position to know Defendant's intentions regarding future appearances. Further, while the proposed electronic monitoring diminishes the risk of flight, it does not reduce it to a level so as to reasonably assure Defendant's appearance at future court dates, especially in the face of strong evidence that Defendant is both a flight risk and a danger to the community.

In light of Defendant's repeated failure to appear as required, this Court is not convinced that he would appear in this case or comply with supervision, despite the risk to his family's finances and home. Given the nature and circumstances of the case, the strength of the evidence against Defendant, the seriousness of the charges, his history of substance abuse, his criminal history, including arrests while subject to supervision and on bail, and, in particular, his outstanding probation warrant in Florida, this Court finds by a preponderance of the evidence that the conditions proposed are insufficient to reasonably assure Defendant's appearance or protect the safety of the community.

8. Having considered the above, this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of any other person and the community if he were released. Continued

detention is therefore required, pursuant to 18 U.S.C. § 3142(e).  Accordingly, Defendant's Appeal of the Magistrate Judge's Detention Order is denied.

      IT HEREBY IS ORDERED, that Defendant's [173] Appeal of the Magistrate Judge's Detention Order is DENIED.

      FURTHER, that Defendant's pretrial detention shall be maintained pursuant to 18 U.S.C. § 3142(e).

      SO ORDERED.

Date: June 12, 2011
      Buffalo, NY

                                              /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                                 Chief Judge
                                      United States District Court